UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUSAN WILLIAMSON | * | CIVIL ACTION |
| | * | |
| VS. | * | NO: **03-0981** |
| | * | |
| WAUSAU INSURANCE COMPANY, A MEMBER OF LIBERTY MUTUAL GROUP, FIVE PROPERTIES, L.L.C., REAL ESTATE RISK MANAGEMENT, TONTI REALTY CORPORATION, d/b/a TONTI MANAGEMENT, EDMUND C. TONTI, MADELINE WOOD TONTI, and FIVE PROPERTIES MANAGER, INC. | * | SECTION: **SECT. S MAG. 3** |
| | * | MAGISTRATE: |

* * * * * * * *

## COMPLAINT

The complaint of Susan Williamson, a person of the full age of majority and a resident of the State of Florida, respectfully states that:

1.

Petitioner, Susan Williamson, is a resident of the State of Florida. Defendants, Edmund C. Tonti and Madeline Wood Tonti, are residents of the State of Louisiana. Defendant, Five Properties Manager, Inc. is a domestic corporation domiciled in the State of Louisiana. Five Properties, L.L.C. is a limited liability corporation domiciled in the State of Louisiana. Defendant, Real Estate Risk Management and Tonti Realty Corporation, d/b/a Tonti Management are corporations domiciled in the State of Louisiana. Defendant, Wausau Insurance Companies is a foreign corporation, which is incorporated in the State of Massachusetts and has its principal place of business

in Dover, New Hampshire. Accordingly, petitioner asserts diversity jurisdiction between petitioner and all defendant pursuant to the provisions of § 28 U.S.C. 1332, et seq. The amount in controversy exceeds the jurisdictional limit of $75,000.00.

2.

At all material times mentioned herein, FIVE PROPERTIES, L.L.C., made defendant herein, was a limited liability company doing business in the State of Louisiana and owned and/or managed an apartment complex known as Windsong Apartments located at 1326 W. Esplanade Avenue in Kenner, Louisiana.

3.

At all material times mentioned herein REAL ESTATE RISK MANAGEMENT, made defendant herein, was a domestic corporation authorized to do and doing business in this parish and state and owned and/or managed the real estate and/or the apartment complex known as Windsong Apartments located at 1326 W. Esplanade Avenue, Kenner, Louisiana.

4.

At all material times mentioned herein TONTI REALTY CORPORATION, made defendant herein, was a domestic corporation authorized to do and doing business in this parish and state, and owned and/or managed the real estate and/or the apartment complex known as Windsong Apartments located at 1326 W. Esplanade Avenue, Kenner, Louisiana.

5.

At all material times mentioned herein FIVE PROPERTIES MANAGER, INC., made defendant herein, was a domestic corporation authorized to do and doing business in this parish and state, and owned and/or managed the real estate and/or the apartment complex known as Windsong Apartments located at 1326 W. Esplanade Avenue, Kenner, Louisiana.

6.

At all material times, Edmund C. Tonti owned and/or managed the real estate and the apartment complex known as the Windsong Apartments located at 1326 W. Esplanade Avenue in Kenner, Louisiana.

7.

At all material times, Madeline Wood Tonti owned and/or managed the real estate and the apartment complex known as the Windsong Apartments located at 1326 W. Esplanade Avenue in Kenner, Louisiana.

8.

At all material times, Wausau Insurance Companies, a member of Liberty Mutual Group, is made a defendant herein for reason that it had in full force and effect a policy of liability insurance which provided coverage to defendants, Five Properties, L.L.C., Real Estate Risk Management, Tonti Realty Corporation, d/b/a Tonti Management, Five Properties Manager, Inc., Edmund C. Tonti and Madeline

Wood Tonti, and is therefore liable in solido with all other defendants for their strict liability and/or negligent acts.

9.

Petitioner's relative, David Harfield, leased an apartment from defendants represented by TONTI REALTY CORPORATION, doing business as Tonti Management, as agent, located at 1326 W. Esplanade Avenue, Apartment P, Kenner, Louisiana during a period of approximately March 1, 2002 thru August 31, 2002.

10.

Petitioner was visiting her aforesaid relative, David Harfield, on the date of July 15, 2002. While in the process of leaving said apartment to enter a car located in the asphalt parking lot contiguous to the apartment building, she stepped into a large cavity which was located at the end of a drainage pipe. This pipe ended just past the sidewalk area adjacent to the 1326 W. Esplanade Avenue apartment complex and asphalt parking lot servicing said apartment complex.

11.

As a result of stepping into the cavity hereinabove described petitioner fell and sustained serious injuries.

12.

The 1326 W. Esplanade apartment complex, also known as the Windsong Apartments, is constructed such that there are several downspouts which lead down

the exterior of the building facing the asphalt parking lot, which downspouts are connected to drainage pipes which extend underground in the area between the apartment complex building and the sidewalk which runs in front of the apartment complex building. These drainage pipes extend under the sidewalk, but stop just a short distance after their extension under the sidewalk area in a grassy area between the sidewalk area and the asphalt parking lot.

13.

There was no access sidewalk to the asphalt parking lot. Instead, an individual was required to cross the grassy area between the sidewalk and the paved parking lot. This grassy area extended about 3.5 feet from the sidewalk to the paved parking lot. The cavity in which petitioner fell is located in an area where a person entering or leaving the apartment complex must travel.

14.

The instant cavity constituted a trap in that it was extremely difficult to see because of the high grass which covered up the cavity and the exiting drainage pipe, especially since defendants provided no egress from the sidewalk to the paved asphalt parking lot other than to traverse this area. Petitioner avers that she was in no way negligent in causing her fall.

15.

Petitioner avers that the sole, proximate and/or contributing cause of

petitioner's fall was the negligence of defendants, Five Properties, L.L.C., Real Estate Risk Management and Tonti Realty Corporation, d/b/a Tonti Management, Edmund C. Tonti, Madeline Wood Tonti, and Five Properties Manager, Inc., consisting particularly, but exclusively of the following acts, to-wit:

1. Allowing the unsafe condition of the cavity at the end of the drainage pipes to exist in a path very likely to be traveled by people entering or leaving the apartment complex at issue;

2. Failing to warn petitioner of the dangerous condition of the cavity at the end of the drainage pipe;

3. Failing to place any warning device at or near the Cavity at the end of the drainage pipe to warn of its existence;

4. Failing to properly secure the cavity at the end of the drainage pipe by means of a great or other appliance so that a person would not step into said cavity;

5. Such other acts of negligence as may be proven upon the trial of this matter.

16.

The unsafe condition of the premises at the 1326 W. Esplanade Avenue apartment complex, a/k/a Windsong Apartments, was in the defendants' custody and control (garde); the unsafe condition constituted a vice or defect which created an unreasonable risk of harm; the injuries were caused by this defect and/or unreasonable condition; the defendant knew or in the exercise of reasonable care should have known of the unreasonable risk of harm and the damages suffered by

plaintiff could have been prevented by the exercise of reasonable care and the custodian, defendants herein, failed to exercise such reasonable care.

17.

As a result of the accident, petitioner was forced to undergo a right ankle maisonneuve fracture with syndesmosis disruption. This serious ankle fracture and dislocation required an open reduction and internal fixation with two metal screws while petitioner was under general anesthesia. Additionally, petitioner sustained a transverse fracture of the left distal fibula and disruption of the left ankle joint requiring closed reduction, immobilization and casting. These injuries have caused petitioner physical pain, discomfort, disability and permanent impairment, and these injuries continue to cause pain, discomfort and disability. Additional surgery has been offered to petitioner who cannot afford to undergo same at this time. If her condition worsens, then surgery will be a necessity.

18.

As a result of the accident, Susan Williamson was forced to undergo and is still undergoing medical treatment. She has suffered and continues to suffer restrictions and limitations on her activities directly related to the injuries sustained in the instant accident.

19.

As a result of the instant accident, petitioner sustained a loss of income since she was unable to work. She has also sustained a loss of earning capacity since these injuries restrict her from performing certain jobs. Additionally, petitioner avers that she has sustained or may sustain in the future the following damages:

(a) Past mental and physical pain and suffering;

(c) Permanent disability;

(c) Future mental and physical pain and suffering;

(d) Past, present and future medical expenses;

(e) Loss of enjoyment of life;

(f) Transportation expenses.

WHEREFORE the premises considered, petitioner prays that a copy of this petition be served upon the defendants, Wausau Insurance Company, a member of Liberty Mutual Group, Five Properties, L.L.C., Real Estate Risk Management and Tonti Realty Corporation, d/b/a Tonti Management, Edmund C. Tonti, Madeline Wood Tonti, and Five Properties Manager, Inc., and that said defendants be cited to appear and answer same within the legal delays permitted by law and, after due proceedings had, that there be judgment herein in favor of petitioner, Susan Williamson, and against the defendants, Wausau Insurance Company, a member of

Liberty Mutual Group, Five Properties, L.L.C., Real Estate Risk Management and Tonti Realty Corporation, d/b/a Tonti Management, Edmund C. Tonti, Madeline Wood Tonti, and Five Properties Manager, Inc., jointly and/or in solido and/or in any combination thereof for such damages as are reasonable in the premises together with legal interest from the date of judicial demand, for all costs of these proceedings and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

_____
JAMES S. REES, III (11138)
Trial Attorney
404 E. Gibson Street
Covington, Louisiana 70433
Telephone: 985/893-1820


CHARBONNET LAW FIRM, L.L.C.

_____
ROBERT P. CHARBONNET (4087)
3750 South Claiborne Avenue
New Orleans, Louisiana 70125
Telephone: (504) 891-5841

**Please serve:**

WAUSAU INSURANCE COMPANY, A MEMBER OF LIBERTY MUTUAL GROUP
through the Secretary of State
State of Louisiana
3851 Essen Lane
Baton Rouge, Louisiana 70809

FIVE PROPERTIES, L.L.C.
Through its registered agent for service of process:
R. Lewis McHenry, Esq.
201 St. Charles Avenue, 50th FLoor
New Orleans , Louisiana 70170-5100

REAL ESTATE RISK MANAGEMENT

TONTI REALTY CORPORATION, d/b/a
TONTI MANAGEMENT
through its regitered agent for service of process:
Edmond C. Tonti
4433 Conlin Street
Metairie, Louisiana 70006

EDMUND C. TONTI
4433 Conlin Street
Metairie, Louisiana 70006

MADELINE WOOD TONTI
4433 Conlin Street
Metairie, Louisiana 70006

FIVE PROPERTIES MANAGER, INC.
Through its registered agent for service of process:
R. Lewis McHenry, Esq.
Jones Walker Waechter Poitevent Carrere
201 St. Charles Avenue, 50th FLoor
New Orleans , Louisiana 70170-5100